Bron Rammell (ISB No. 4389)
Brit Lewis (ISB No. 12896)
May, Rammell & Wells, Chartered
216 W. Whitman / P.O. Box 370
Pocatello, Idaho 83204-0370
Telephone: (208) 233-0132
Facsimile: (208) 234-2961

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN JEFFREY WEBSTER, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF POCATELLO, a municipal corporation; DEMETRIUS AMOS, in his individual capacity as a Pocatello Police Officer; ADAM BARNEY, in his individual capacity as a Pocatello Police Officer; and RYAN O'HEARN, in his individual capacity as Fire Chief of the City of Pocatello, <br><br> Defendants. | CASE NO. 4:26-cv-00399 <br><br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Steven Jeffrey Webster, by and through his attorneys of record, May Rammell & Wells, Chtd., and hereby files this Complaint against Defendants as follows:

### PRELIMINARY STATEMENT

This is a civil rights action in which the Plaintiff seeks relief from Defendants for violations of Plaintiff's rights guaranteed by the United States Constitution, specifically the Fourth, Sixth, and Fourteenth Amendments. This action is primarily based on the policies and actions of the City of Pocatello and its police force in relation to illegally charging people, including the Plaintiff, with crimes for using fireworks in the City in July of 2024.

Plaintiff seeks compensatory and punitive damages; affirmative and equitable relief and an award of attorney fees, costs, and interest.

## JURISDICTION AND PARTIES

1. This action arises under the United States Constitution and federal law, including the provisions of the Fourth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983 and 1988.

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4), and 42 U.S.C. § 1983.

3. At all times relevant to this cause of action, Plaintiff Steven Jeffrey Webster was a resident of Bannock County, State of Idaho.

4. City of Pocatello (the "City") is a municipal corporation of the State of Idaho.

5. Defendant Demetrius Amos is a resident of Bannock County, State of Idaho, and is sued in his individual capacity.

6. Defendant Adam Barney is a resident of Bannock County, State of Idaho, and is sued in his individual capacity.

7. Defendant Ryan O'Hearn is a resident of Bannock County, State of Idaho, and is sued in his individual capacity.

8. Venue is proper in the United States District Court for the District of Idaho under 28 U.S.C. § 1391(b)(2).

9. All Defendants are sued pursuant to 42 U.S.C. § 1983.

10. Plaintiff is entitled to attorney fees and costs for the maintenance of this action pursuant to 42 U.S.C. § 1988.

## FACTUAL ALLEGATIONS

11. Plaintiff Steven Jeffrey Webster is a resident of Pocatello, Idaho, and a licensed physician.

COMPLAINT AND DEMAND FOR JURY TRIAL                                                    2

12. On July 4, 2024, Pocatello residents celebrated Independence Day throughout the City, including by discharging consumer fireworks.

13. Prior to July 4, 2024, the City of Pocatello and its officers made an internal decision to come down hard on fireworks use by treating alleged fireworks violations as crimes rather than as infractions under Idaho law.

14. That decision violated Idaho law and the United States Constitution, including under the Fourth and Fourteenth Amendments.

15. Idaho Code § 39-2609 classifies certain fireworks conduct as an infraction, including altering fireworks under Idaho Code § 39-2609(1) and selling or using fireworks at a time not permitted under Idaho Code § 39-2609(3).

16. The Idaho Supreme Court's published Infraction Penalty Schedule lists "Alter fireworks OR sell or use fireworks at time not permitted" under Idaho Code § 39-2609(1) or (3) as an infraction with a $100 fixed penalty, plus statutory costs.

17. This infraction is not a crime.

18. The City's July 4, 2024 fireworks enforcement reflected a municipal policy, custom, practice, directive, training, or ratification of citing fireworks violations as crimes rather than applying the state-law infraction framework, as they were required to do by law.

19. The City's enforcement approach imposed greater punishment, stigma, leverage, and deterrent effect than Idaho law allowed for the alleged fireworks conduct.

20. On July 4, 2024, at approximately 11:24 p.m., Pocatello Police Officers Demetrius Amos and Adam Barney arrived at Dr. Webster's residence at 2330 Ada Street and initiated the pre-planned criminal enforcement action relating to fireworks.

21. Officers Amos and Barney were in full police uniform and acted under color of state law and within the course and scope of their employment with the Pocatello Police Department.

22. Officer Amos charged Dr. Webster with a crime under Pocatello City Code § 15.10.030, described as a "violation of safe/sane common fireworks."

23. The charge accused Dr. Webster of a crime and stated that a $300 fine accompanied the charge.

24. It required Dr. Webster to appear in court to resolve the criminal charge.

25. Dr. Webster did not commit a crime and there was no basis for the City or its officers to believe that he did at the time he was charged with the crime.

26. Neither the citation nor Officer Amos's report alleged that Dr. Webster altered fireworks, sold fireworks, threw fireworks at any person or vehicle, or committed any conduct that would elevate the matter from an infraction-level fireworks allegation to a crime.

27. Officer Amos's report did not identify any factual basis for charging Dr. Webster with a crime rather than an infraction.

28. Defendants knew, and/or no reasonable officer could have failed to know, that Idaho law treated the alleged conduct as, at most, an infraction rather than a crime.

29. Dr. Webster entered a plea of not guilty on July 24, 2024, and the case proceeded as a criminal prosecution based on the City Code charge.

30. On October 23, 2024, the City filed a motion seeking to amend the criminal charge away from Pocatello City Code § 15.10.030 and toward Idaho Code § 39-2609(1), an infraction-level fireworks statute concerning alteration of fireworks.

31. At the hearing on the City's motion to amend, the City acknowledged that the alleged facts did not constitute a crime and that Dr. Webster should not have been cited with, nor punished for, a crime.

32. When Dr. Webster refused to approve the amendment to an infraction and to plead guilty to the infraction, the City attempted to continue the prosecution and impose additional punishment without due process.

33. After the City's initial amendment request, the City sought additional changes to its charging theory.

34. The City's attempted amendments confirmed that the original criminal charge was not supported by the facts or law.

35. Rather than immediately dismissing the unsupported criminal charge and correcting the harm caused by the criminal citation, the City attempted to continue the prosecution under different infraction theories after Dr. Webster had already been charged as a criminal defendant.

36. During the July 4, 2024 encounter, Officers Amos and Barney seized Dr. Webster's property (his fireworks).

37. The Officers seized the property pursuant to the City's training, custom, practice, and/or policies.

38. The officers removed the fireworks from Dr. Webster's property and did not return them.

39. Officer Amos transported the seized fireworks to Pocatello Fire Station 1 for disposal.

40. Officer Amos's report states that he "took the fireworks to Fire Station 1 to be disposed of."

41. The fireworks were critical evidence of the alleged criminal behavior.

42. They were critical evidence needed for any defense.

43. The fireworks were destroyed at or through Pocatello Fire Station 1 without a warrant, without a court order, and before any judicial determination that Dr. Webster had committed any offense.

44. The fireworks were seized, removed from Dr. Webster's residence, transported to a City facility, and disposed of through City personnel.

45. The destruction of the property and evidence was done pursuant to the training, practice, and policy of the City of Pocatello.

46. The City had time to preserve the fireworks, provide notice, allow inspection, photograph the items, seek judicial authorization, or store the items pending adjudication.

47. Dr. Webster was not given advance notice that the evidence and his property would be destroyed.

48. Dr. Webster was not given a meaningful opportunity to contest the seizure, request preservation, inspect the fireworks, photograph the fireworks, test the fireworks, or seek a hearing regarding retention, return, or destruction of the property.

49. The seized fireworks were the primary tangible evidence relevant to both the prosecution's theory and Dr. Webster's defense.

50. The seized fireworks were directly relevant to whether any allegation of illegality had a factual basis.

51. None of the documents provided or served by the City alleged that Dr. Webster altered fireworks until the City filed its motion to amend.

52. As a result of the criminal charge, Dr. Webster was required to defend against a criminal prosecution, including entering a not-guilty plea, appearing in court, preparing for pretrial proceedings, retaining counsel, and incurring attorney fees and costs.

53. The criminal charge imposed consequences that do not attach to a civil infraction.

54. As a licensed physician, Dr. Webster is required to disclose whether he has been charged with a crime on professional applications, hospital credentialing materials, medical board materials, licensing materials, and other physician-related disclosures.

55. Because the City charged Dr. Webster with a crime rather than an infraction, Dr. Webster has been and will continue to be required to disclose and explain the criminal charge in professional settings.

56. Once the City attempted to amend the charge to Idaho Code § 39-2609, the physical fireworks became even more important because the City's new theory depended on the nature, condition, use, and alleged alteration of the seized items.

57. By destroying the fireworks, Defendants prevented Dr. Webster from inspecting, preserving, or using the physical evidence as exhibits, impeachment material, or proof supporting defenses to the City's original and amended charges.

58. By destroying the fireworks without due process, Defendants impaired Dr. Webster's Fourteenth Amendment due-process right to a meaningful opportunity to present a complete defense because the destroyed evidence was expected to play a significant role in his defense, its exculpatory value was apparent before destruction, and no comparable evidence remained available. *California v. Trombetta*, 467 U.S. 479, 488-89 (1984); *United States v. Zaragoza-Moreira*, 780 F.3d 971, 977-81 (9th Cir. 2015).

59. Defendants acted in bad faith or with deliberate disregard because they destroyed the very physical items necessary to test the City's own charging theories. *Arizona v. Youngblood*, 488 U.S. 51, 57-58 (1988); *Illinois v. Fisher*, 540 U.S. 544, 547-48 (2004).

60. By destroying the fireworks, Defendants also impaired Dr. Webster's Sixth Amendment and Fourteenth Amendment rights to confront the evidence against him, cross-examine any witness who claimed the fireworks were illegal or altered, and to present a defense. *Crane v. Kentucky*, 476 U.S. 683, 690 (1986); *Chambers v. Mississippi*, 410 U.S. 284, 294-303 (1973); *Delaware v. Van Arsdall,* 475 U.S. 673, 678-79 (1986).

61. No judicial officer authorized the destruction of the evidence. The destruction occurred solely through executive action by the City's enforcement personnel and the Fire Department disposal process.

62. The City did not preserve the evidence for later examination, did not provide an inventory adequate to substitute for the destroyed items, and did not provide a documented chain of custody that would allow a criminal defendant to test the accuracy of the City's characterization of the seized fireworks.

63. After the destruction, the City attempted to pivot the case into an infraction prosecution under Idaho Code § 39-2609, including claiming that an infraction citation may have been appropriate initially.

64. The City's infraction pivot occurred only after the evidence had already been destroyed, meaning Dr. Webster was deprived of the very items most important to litigate whether the fireworks were lawful, altered, non-aerial, or otherwise subject to any valid charge.

65. The City only attempted to change its charging theory after the primary physical evidence had already been destroyed.

66. The seizure and destruction were carried out through coordinated City action involving the Pocatello Police Department and Pocatello Fire Department.

67. The City's practice was not a random act by a single officer, but part of an implemented municipal practice.

68. City personnel treated immediate disposal or destruction of seized fireworks as an enforcement practice rather than as a case-specific decision requiring judicial authorization, evidence preservation, notice, or a hearing.

69. The obvious and foreseeable consequence of immediately destroying seized fireworks was that accused residents, including Dr. Webster, would be deprived of access to the primary physical evidence needed to defend themselves in court.

70. The criminal prosecution against Dr. Webster was ultimately dismissed without a conviction.

71. As a direct and foreseeable result of Defendants' actions, Dr. Webster was subjected to an unsupported criminal charge, was required to defend against criminal prosecution, forced to incur attorney fees and costs, was and is required to make professional disclosures regarding a criminal charge, and was deprived of the primary physical evidence needed to defend against the City's original and amended charging theories.

72. Dr. Webster also lost personal property valued at more than $500, but the property loss is not the central constitutional injury in this case.

73. The central constitutional injury is the City's unsupported criminal charging decision, the resulting criminal process and professional consequences, and the City's destruction of the evidence needed to contest the charge.

74. The criminal charge was one of many criminal charges levied against Idaho citizens by the city that day, and was part of an effort by city officials to "come down" on fireworks use.

75. The criminal charge caused lasting damage to Dr. Webster's professional reputation and standing.

76. The criminal charge is reflected in court records and law-enforcement records that may be reviewed by licensing bodies, hospitals, credentialing authorities, or employers.

77. The City's conduct caused Dr. Webster to suffer emotional distress, embarrassment, anxiety, reputational injury, professional harm, financial loss, attorney fees, and loss of property.

78. The City's conduct also caused ongoing constitutional injury by subjecting Dr. Webster to unsupported criminal process, destroying property and evidence before adjudication, and implementing or tolerating an enforcement practice that treated infraction-level conduct as criminal conduct.

79. Defendants' actions were intentional, malicious, reckless, deliberately indifferent, and/or taken in disregard of Dr. Webster's constitutional rights.

80. As a direct and proximate result of Defendants' acts and omissions, Dr. Webster suffered damages, including criminal-defense attorney fees and costs, reputational harm, professional harm, emotional distress, loss of property, and violation of his rights under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

## COUNT I

(Fourth Amendment Unreasonable Criminal Process / Malicious Prosecution)
Against Defendants Amos and City of Pocatello

81. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

82. The Fourth Amendment guarantees Dr. Webster the right to be free from criminal prosecution and criminal process unsupported by probable cause.

83. The Fourteenth Amendment guarantees Dr. Webster the right to be free from the deprivation of liberty and property without due process of law.

84. A criminal prosecution initiated or maintained without probable cause may form the basis of a claim under 42 U.S.C. § 1983 when it is brought with malice and for the purpose of depriving the accused of a specific constitutional right. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066-68 (9th Cir. 2004).

85. The Fourth Amendment applies where criminal process or pretrial restraint is unsupported by probable cause. *Manuel v. City of Joliet*, 580 U.S. 357 (2017); *Thompson v. Clark*, 596 U.S. 36 (2022); *Chiaverini v. City of Napoleon*, 602 U.S. 556 (2024).

86. Defendants charged Dr. Webster with a crime under Pocatello City Code § 15.10.030.

87. Defendants did not have probable cause or lawful authority to charge Dr. Webster with a crime.

88. Even if the allegations against Dr. Webster had been true, the alleged conduct constituted, at most, an infraction under Idaho Code § 39-2609.

89. Pocatello City Code § 1.04.040(B) also provides that violations deemed infractions by state law are excepted from criminal treatment under City ordinance.

90. Pocatello City Code § 15.10.030 defines "safe and sane" common fireworks, but does not clearly create a criminal offense applicable to Dr. Webster's alleged conduct.

91. Neither the citation nor Officer Amos's report alleged facts establishing that Dr. Webster committed a crime.

92. Officer Amos's report did not allege that Dr. Webster altered fireworks, sold fireworks, threw fireworks from, into, or at a moving vehicle or person, or committed any act that elevated the matter from an infraction-level fireworks allegation to a crime.

93. Despite the absence of a lawful basis, Defendants caused Dr. Webster to be cited, charged, and processed as a criminal defendant.

94. Defendants knew, or reasonably should have known, that Dr. Webster's alleged conduct did not constitute a crime.

95. The City later acknowledged, through its attempted amendment and in proceedings before the Court, that the facts did not align with a crime and that Dr. Webster should not have been cited with, nor punished for, a crime.

96. The City's later attempt to amend the charge to an infraction did not cure the constitutional violation.

97. By the time the City attempted to amend the charge, Dr. Webster had already been cited with a crime, recorded in Pocatello Police Department records as a criminal suspect, assigned a Booking Number and Arrest Number, required to appear in court, required to enter a plea, required to defend against a criminal prosecution, required to retain counsel, and subjected to the professional and reputational consequences of a criminal charge.

98. The criminal citation was personally served on Dr. Webster.

99. The citation summoned Dr. Webster to appear before the Clerk of the Magistrate Court by a date certain and warned that if he failed to appear, an additional failure-to-appear charge could be filed and a warrant could be issued for his arrest.

100. The citation further advised Dr. Webster of criminal-procedure rights associated with the criminal charge, including the right to counsel, the right to plead not guilty, and the right to request a jury trial.

101. Pocatello Police Department records did not merely classify the matter as an infraction or civil citation. The Detailed Incident Report classified the disposition as "Clrd Adult Arrest," identified Dr. Webster as a "SUSPECT," assigned him a Sentryx Booking Number, assigned a Sentryx Arrest Number, and classified the offense as crime class "M" and offense type "M."

102. The only factual basis recorded by Officer Amos was that, during a four-minute investigation, he witnessed "illegal fire works being set off," contacted Dr. Webster, requested identification, issued a citation under Pocatello City Code § 15.10.030, took the fireworks, and cleared the call.

103. Officer Amos did not record any facts establishing that Dr. Webster altered fireworks, sold fireworks, threw fireworks from, into, or at a moving vehicle or person, used fireworks in a severe-fire-threat area after advance notice, or committed any other conduct that would support criminal treatment.

104. The Idaho Supreme Court's Infraction Penalty Schedule classified "Alter fireworks OR sell or use fireworks at time not permitted" under Idaho Code § 39-2609(1) or (3) as an infraction carrying a $100 fixed penalty, plus statutory costs, not as a crime.

105.    Defendants caused Dr. Webster to be charged and subjected to criminal process maliciously, recklessly, or with deliberate disregard for his constitutional rights.

106.    Defendants caused Dr. Webster to be charged and subjected to criminal process for the purpose of imposing criminal punishment, stigma, leverage, and deterrent effect beyond what Idaho law allowed.

107.    The criminal charge was later dismissed without a conviction.

108.    As a direct and proximate result of Defendants' illegal criminal charge, Dr. Webster suffered damages, including attorney fees and costs incurred in the criminal case, reputational harm, professional disclosure consequences, emotional distress, embarrassment, anxiety, and other general and special damages.

109.    The violation of Dr. Webster's constitutional rights is attributable to the policies, practices, customs, decisions, ratification, and/or failure to train and supervise by the City of Pocatello.

110.    Defendants are liable to Dr. Webster for damages arising from their unconstitutional conduct, including compensatory damages and, as to the individual Defendants, punitive damages.

111.    Dr. Webster is entitled to attorney fees and costs for the maintenance of this action pursuant to 42 U.S.C. § 1988.

## COUNT II
(Due Process / Fair Notice)
Against Defendants Amos and City of Pocatello

112.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

113.    The Fourteenth Amendment guarantees Dr. Webster the right to due process of law.

114.    Due process requires fair notice of what conduct is prohibited and what charge the government intends to pursue.

115.    A person may not be forced to defend against a criminal charge that is unsupported by the facts, unsupported by law, or shifted after the prosecution has already begun. *Cole v. Arkansas*, 333 U.S. 196, 201 (1948); *Wright v. Georgia*, 373 U.S. 284, 293 (1963).

116.    Defendants charged Dr. Webster with a crime under Pocatello City Code § 15.10.030.

117.    Pocatello City Code § 15.10.030 did not provide constitutionally adequate notice that Dr. Webster's alleged conduct constituted a crime.

118.    Idaho Code § 39-2609 treated the alleged fireworks conduct, at most, as an infraction.

119.    Pocatello City Code § 1.04.040(B) expressly excepts from criminal treatment those violations deemed infractions by state law.

120.    Defendants nevertheless charged Dr. Webster with a crime.

121.    After Dr. Webster challenged the criminal charge, the City attempted to amend the charge to an infraction under Idaho Code § 39-2609.

122.    The City's shifting charging theories deprived Dr. Webster of fair notice and a meaningful opportunity to defend against a fixed and legally valid charge.

123.    Defendants' actions deprived Dr. Webster of liberty and property interests without due process of law.

124.    As a licensed physician, Dr. Webster also has a protected liberty interest in his name, reputation, professional standing, and ability to pursue his occupation free from unsupported criminal stigma imposed by the government.

125.    Defendants violated Dr. Webster's right to due process of law in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

126.    Defendants' actions were intentional, reckless, malicious, and/or deliberately indifferent to Dr. Webster's constitutional rights.

127.    Dr. Webster is entitled to attorney fees and costs for the maintenance of this action pursuant to 42 U.S.C. § 1988.

## COUNT III
(Deprivation of Liberty Interest in Reputation and Occupation)
Against Defendants Amos and City of Pocatello

128.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

129.    Dr. Webster has a constitutional liberty interest in his good name, reputation, honor, integrity, and ability to work in his chosen profession.

130.    Where the government imposes stigma that is coupled with a tangible alteration of legal status or occupational opportunity, due process protections are implicated. *Paul v. Davis*, 424 U.S. 693 (1976); *Board of Regents v. Roth*, 408 U.S. 564 (1972); *Ulrich v. City & County of San Francisco*, 308 F.3d 968 (9th Cir. 2002).

131.    Defendants attached a stigma to Dr. Webster by charging him with a crime rather than an infraction.

132.    The criminal charge was unsupported by the facts and the controlling legal framework.

133.    The criminal charge created consequences that do not attach to a civil infraction.

134.    As a physician, Dr. Webster is required to disclose whether he has been charged with a crime on professional applications, hospital credentialing materials, medical board materials, licensing materials, and related professional disclosures.

135.   Because Defendants charged Dr. Webster with a crime, Dr. Webster has been and will continue to be required to disclose and explain the charge in professional settings.

136.   Defendants did not provide Dr. Webster with constitutionally adequate notice or a meaningful opportunity to clear his name before imposing the criminal classification and creating law-enforcement and court records identifying him as a criminal defendant.

137.   Defendants deprived Dr. Webster of a constitutionally protected liberty interest without due process of law.

138.   Defendants' actions damaged Dr. Webster, including causing injury to his name, reputation, professional standing, emotional well-being, and ability to pursue his profession free from unsupported criminal stigma.

139.   Defendants' actions were intentional, reckless, malicious, and/or deliberately indifferent to Dr. Webster's rights.

140.   Dr. Webster is entitled to attorney fees and costs for the maintenance of this action pursuant to 42 U.S.C. § 1988.

## COUNT IV
(Destruction of Evidence / Denial of Due Process and Right to Present a Defense)
Against Defendants Amos, O'Hearn, and City of Pocatello

141.   Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

142.   As Fire Chief, Defendant O'Hearn was responsible for the Fire Department policies, practices, supervision, and personnel involved in receiving, disposing of, or destroying seized fireworks at Fire Station 1, and he authorized, implemented, maintained, or ratified the disposal practice used on Dr. Webster's fireworks.

143. The Fourteenth Amendment guarantees a criminal defendant due process of law, including a meaningful opportunity to present a complete defense.

144. The Sixth Amendment, applied to the states through the Fourteenth Amendment, protects the right to confront and cross-examine witnesses and to present a defense.

145. The government violates due process when it destroys evidence that possesses apparent exculpatory value before destruction and is of such a nature that the defendant cannot obtain comparable evidence by other reasonably available means. *California v. Trombetta*, 467 U.S. 479, 488-89 (1984).

146. When destroyed evidence is characterized as only potentially useful, due process is violated where the government acts in bad faith. *Arizona v. Youngblood*, 488 U.S. 51, 57-58 (1988); *Illinois v. Fisher*, 540 U.S. 544, 547-48 (2004).

147. Dr. Webster had a constitutional right to inspect, photograph, test, preserve, and use the seized fireworks in his defense.

148. The seized fireworks were the primary physical evidence in the criminal case against Dr. Webster.

149. The fireworks were directly relevant to whether they were lawful consumer fireworks, non-aerial fireworks, altered fireworks, prohibited fireworks, or otherwise subject to any lawful charge.

150. The exculpatory value of the fireworks was apparent before destruction because the legality of the City's original and amended charges depended on the physical characteristics, condition, packaging, labeling, use, and alleged alteration of the fireworks.

151.    Comparable evidence was not available after destruction because the City failed to preserve the fireworks, take adequate photographs, record measurements, preserve packaging, conduct testing, create a reliable inventory, or maintain a chain of custody sufficient to allow Dr. Webster to test the City's allegations.

152.    Defendants destroyed the fireworks before adjudication, before inspection, before testing, before defense photographs could be taken, and before Dr. Webster had any meaningful opportunity to use the evidence.

153.    Defendants' destruction of the fireworks impaired Dr. Webster's ability to present a complete defense.

154.    Defendants' destruction of the fireworks also impaired Dr. Webster's ability to meaningfully cross-examine any City witness who claimed the fireworks were altered, aerial, illegal, unsafe, or otherwise outside the law.

155.    Without the physical fireworks, Dr. Webster could not compare a City witness's testimony against the items themselves, their labels, their packaging, their physical characteristics, their measurements, or their condition.

156.    Defendants acted in bad faith, or with deliberate disregard for Dr. Webster's rights, when they destroyed the very evidence necessary to test the City's own charging theories.

157.    Defendants' actions violated Dr. Webster's rights under the Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

158.    Defendants' actions were intentional, reckless, malicious, and/or deliberately indifferent to Dr. Webster's constitutional rights.

159.    Dr. Webster is entitled to attorney fees and costs for the maintenance of this action pursuant to 42 U.S.C. § 1988.

**COUNT V**
(Unlawful Seizure and Destruction of Property)
Against Defendants Amos, Barney, O'Hearn, and City of Pocatello

160.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

161.   The Fourth Amendment guarantees Dr. Webster the right to be free from unreasonable seizures of his property.

162.   A seizure occurs when the government meaningfully interferes with a person's possessory interest in property. *United States v. Jacobsen*, 466 U.S. 109, 113 (1984); *Soldal v. Cook County*, 506 U.S. 56 (1992).

163.   Dr. Webster had a protected possessory interest in the fireworks seized from his residence.

164.   Defendants seized Dr. Webster's fireworks without a warrant, without a court order, and before any judicial determination that Dr. Webster had committed any offense.

165.   Defendants then caused the fireworks to be destroyed.

166.   The fireworks were not abandoned.

167.   The fireworks were not contraband per se.

168.   No exigency required immediate destruction before judicial review, notice, hearing, inspection, photography, testing, or preservation.

169.   Defendants' seizure and destruction of the fireworks were objectively unreasonable under the Fourth Amendment.

170.   Defendants also deprived Dr. Webster of his property without notice, a hearing, or meaningful opportunity to be heard, in violation of the Fourteenth Amendment.

171.   Defendants' actions caused Dr. Webster damages, including loss of property, emotional distress, attorney fees and costs, and other general and special damages.

172.    Defendants' actions were intentional, reckless, malicious, and/or deliberately indifferent to Dr. Webster's constitutional rights.

173.    Dr. Webster is entitled to attorney fees and costs for the maintenance of this action pursuant to 42 U.S.C. § 1988.

**COUNT VI**
(Monell Liability)
Against Defendant City of Pocatello

174.    The preceding paragraphs are re-alleged and fully incorporated herein by this reference.

175.    Defendant City of Pocatello is a municipal corporation and a "person" subject to suit under 42 U.S.C. § 1983.

176.    The deprivation of Dr. Webster's federal rights is attributable to the enforcement of an unconstitutional policy, custom, practice, decision, or ratification by the City of Pocatello.

177.    A municipality may be sued directly under § 1983 when a constitutional injury is caused by a policy statement, ordinance, regulation, decision officially adopted and promulgated by the municipality's officers, custom, practice, or decision of a final policymaker. *Monell v. Department of Social Services,* 436 U.S. 658, 690-94 (1978); *St. Louis v. Praprotnik*, 485 U.S. 112, 121-23 (1988).

178.    The City adopted, implemented, maintained, ratified, or tolerated a policy, custom, or practice of charging fireworks violations as criminal offenses when Idaho law treated the same alleged conduct, at most, as an infraction.

179.    The City adopted, implemented, maintained, ratified, or tolerated a policy, custom, or practice of seizing fireworks and routing them to Fire Station 1 or the Fire Department for disposal or destruction before adjudication.

180. The City's policy, custom, practice, or ratification caused Dr. Webster to be charged with a crime.

181. The City's policy, custom, practice, or ratification caused Dr. Webster's fireworks to be seized and destroyed before adjudication.

182. The City's policy, custom, practice, or ratification deprived Dr. Webster of due process, deprived him of the ability to present a complete defense, and subjected him to criminal stigma and professional consequences unsupported by law.

183. The City's policy, custom, practice, or ratification was the moving force behind the deprivation of Dr. Webster's constitutional rights.

184. The City is liable to Dr. Webster for the damages caused by its unconstitutional policies, customs, practices, decisions, and ratification.

185. Dr. Webster is entitled to attorney fees and costs for the maintenance of this action pursuant to 42 U.S.C. § 1988.

### COUNT VII
(Failure to Train and Supervise)
Against Defendant City of Pocatello

186. The preceding paragraphs are realleged and fully incorporated herein by this reference.

187. The City of Pocatello had a duty to train and supervise its police officers, fire personnel, supervisors, and enforcement personnel to comply with the United States Constitution.

188. The City failed to properly train and supervise its officers and personnel regarding fireworks enforcement, probable cause, criminal charging, infraction-level offenses, seizure of property, destruction of property, preservation of evidence, and the due process

rights of accused persons.

189. The need for adequate training and supervision was obvious because fireworks enforcement occurs predictably, including around Independence Day, and because officers enforcing fireworks laws must distinguish between infractions, criminal charges, seizure authority, destruction authority, and evidence-preservation obligations.

190. The City's failure to train and supervise reflected deliberate indifference to the constitutional rights of Dr. Webster and others similarly situated.

191. It was reasonably foreseeable that the City's failure to properly train and supervise its officers and personnel would result in unconstitutional criminal charges, unlawful seizure and destruction of property, destruction of evidence, and deprivation of due process.

192. The City's failure to train and supervise was the moving force and direct cause of the deprivation of Dr. Webster's constitutional rights.

193. The City is liable to Dr. Webster for damages arising from its failure to train and supervise.

194. Dr. Webster is entitled to attorney fees and costs for the maintenance of this action pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendants as follows:

1. For recovery of all damages associated with the Plaintiff's claims, including general, special, nominal, and exemplary or punitive damages.

2. For Attorney fees, costs, and expenses incurred in defending against the unsupported criminal charge;

3. For the recovery of all reasonable costs and attorney's fees pursuant to Federal law, including, but not limited to, *42 U.S.C. § 1988*;

4.      The plaintiff demands a trial by jury in this matter.


DATED this 30th day of June, 2026.


                                          _/s/ Bron Rammell_____
                                          BRON RAMMELL